UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC, | No. 2:14-cv-0951 TLN DAD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M R F FLORES, | |
| Defendant. | |

By Notice of Removal filed April 17, 2014, this unlawful detainer action was removed from the Solano County Superior Court by defendant M R F Flores, who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)

1  (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial
2  Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction
3  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."
4  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th
5  Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter
6  jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

7      In removing this action, defendant asserts that this court has original jurisdiction over the
8  action "in that the amount in controversy exceeds the sum of $75,000."  (Notice of Removal (Dkt.
9  No. 1) at 2.)  A reading of the complaint in this action reveals, however, that the complaint is for
10 an unlawful detainer action.  (Id. at 7.)  Because an "unlawful detainer cause of action is
11 concerned only with the possession of the Property, damages are limited to those incident to the
12 unlawful detention of said Property."  Litton Loan Servicing, L.P. v. Villegas, No. C 10-5478
13 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  In this regard, plaintiff's underlying
14 unlawful detainer complaint, clearly denotes on its face that the amount in controversy does not
15 exceed $10,000.[1]  (Notice of Removal (Dkt. No. 1) at 7.)

16     Defendant's Notice of Removal, although for the most part difficult to comprehend,
17 references "the Bill of Right (sic), the 7th 10th and 11th Amendment (sic) of the Constitution . . .
18 ."  (Id. at 5.)  Nonetheless, it is evident from a reading of plaintiff's complaint filed in the Solano
19 County Superior Court that this is nothing more than a garden-variety unlawful detainer action
20 filed against the former owner of real property located in California and that it is based wholly on
21 California law without reference to any claim under federal law.  As such, the complaint does not
22 involve any "claim or right arising under the Constitution, treaties or laws of the United States"
23 that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. §
24 1441(b).  Moreover, it is evident from defendant's Notice of Removal that any federal claims that
25 could conceivably be presented in this action arise solely from defendant's own affirmative

---

[1] Jurisdiction founded on diversity also requires that the parties be in complete diversity of citizenship.  See 28 U.S.C. § 1332.  However, defendant's notice of removal fails to address the citizenship of either party.

1  defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl.
2  Remediation, LLC, 213 F.3d at 1113.  Thus, the defendant has failed to meet his burden of
3  establishing a basis for federal jurisdiction over this action.
4      Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the
5  Solano County Superior Court and that this case be closed.
6      These findings and recommendations will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  A document presenting objections
10  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply
11  to objections shall be filed and served within seven days after service of the objections. The
12  parties are advised that failure to file objections within the specified time may waive the right to
13  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14  Dated:  April 29, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hprof0951.ud.f&rs